## CHARLES OBST *v.* H. KOHNHORST.

**Judgment—Damages Assessed by Jury—Justice Court—Trespass.**

In an action for trespass, before a justice of the peace, a failure to have the damages assessed by a jury, will not make the judgment void, but voidable only.

**Same—Appeal.**

Such a judgment can only be corrected on appeal from the Justice Court to the proper tribunal, and not by objection in the Court of Appeals that judgment was void.

**Jurisdiction of Justice Courts—Jefferson County.**

An action for trespass quare clausum fregit, though by implication is an assertion of actual possession, does not come within the prohibition of the act of 4th of March 1866, Myers, Suppt. 575, regulating the jurisdiction of Justices of the Peace for Jefferson and Kenton counties.

APPEAL FROM JEFFERSON CIRCUIT COURT. COMMON PLEAS.

October 20, 1868.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The appellee sued the appellant for $99.50 before a justice of

the peace of the city of Louisville, for trespass *quare clausum fregit* and recovered a judgment for the amount claimed in the warrant. On an appeal to the court of common pleas, the appellant failing to appear, that court affirmed the judgment of the justice, and this appeal seeks a reversal on two grounds: 1, That the justice's judgment was rendered without a jury. 2, That the justice had no jurisdiction, because the title to land might have been involved in the action.

Neither ground is available in this court.

1. Failing to have the damages assessed by a jury, though apparently erroneous, did not make the judgment void. And the only way to correct that error was by the appeal taken to the common pleas. But the error was waived in that court which properly affirmed the judgment under the authority of the 853rd section of the Code of Practice providing that "if the appellant fails to prosecute his appeal from the justice it shall be at the option of the appellee either to proceed to trial on the appeal or have judgment rendered for the amount of the original judgment or costs where it was in his favor." The elective judgment was accordingly rendered in this case; and it is now too late to object, for the first time, that the damages were assessed without a jury.

2. An act of the 4th of March, 1866 (Myer's Suppt. 575), gave to the justices of the peace for Jefferson and Kenton counties jurisdiction over *all common law actions* "regardless of the kind or nature of the action when the matter in controversy, or sued for, exclusive of interest or costs, does not exceed one hundred dollars, qualified only by the *proviso* that they shall not have jurisdiction in any case where the title to real estate is involved, or an action to enforce a mortgage or lien." The action in this case did not assert a title to real estate. By implication it asserted actual possession, but did not imply title to the clause intruded on. Apparently, therefore, title to real estate was not, by warrant or plea, involved. Consequently the amount claimed being less than $100, the justice had jurisdiction.

Wherefore, the judgment of the common pleas court is affirmed.

*Riley,* for appellant.

*Pope,* for appellee.